LAURA WATSON *v.* H. T. TURNER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—245.]

**Description of Real Estate in Sheriff's Return.**

A description is held sufficient to identify real estate levied on, which is as follows: "Levied this fi. fa. on the individual one-half interest in a house and lot of ground in the city of Henderson, being part of lot No. 8, corner Third and Water streets; levied on as the property of L. M. Grafton, the same being given up to be sold by L. M. Grafton," etc.

APPEAL FROM HENDERSON CIRCUIT COURT.

September 22, 1883.

OPINION BY JUDGE HINES:

The only question we need consider in this case, is whether the

returns on the exceptions under which appellant claims title are sufficient to identify the property sold in such a way as to enable one a stranger to the proceedings to locate it with reasonable certainty. We are of the opinion that the returns are sufficient. They read: "Levied this fi. fa. on the undivided one-half interest in a house and lot of ground in the city of Henderson, being part of lot No. 8, corner Third and Water streets; levied on as the property of L. M. Grafton, the same being given up to be sold by L. M. Grafton," etc. The court below seemed to consider the return, in this respect, insufficient and gave judgment for appellees. Appellant's counsel, in support of the judgment below, relies upon the opinion of this court in *Johnson v. Rowe,* 10 Ky. Opin. 682, 1 Ky. L. 274, where the return was "Levied on a lot on the corner of Green and Main streets" in the city of Bowling Green. There is a marked distinction between the cases. A levy upon a lot on the corner of "Green and Main" may have been upon any one of the four corners of said streets; but when the lot is located by number there appears a sufficient identification, as it is not to be presumed that there are, in the same city or town, more than one street of the same name or more than one lot of the same number. So far as the interest of H. T. Turner is concerned, as he has made no defense to the action and claimed nothing in opposition to appellant, he is entitled to judgment for his costs; and as to appellant the judgment is *reversed* with directions to grant the prayer of the petition and to assign to Mrs. Grafton dower in the land.

*Sol. J. Sizemore, for appellant.*

*A. T. Dudley, M. Merritt, Turner & Turner, for appellees.*